UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANDREW YOUNG JOHNSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  3:22-CV-011-RLJ-DCP |
| NICOLE SIEMS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC"), filed a pro se complaint for violation of 42 U.S.C. § 1983 challenging various events during his confinement [Doc. 1].  On March 30, 2022, the Court entered an order screening Plaintiff's complaint and allowing it to proceed only as to his claim that Defendant Unit Manager Siems denied his request to be moved to a new unit despite knowing that inmates in his unit had labeled him as a "snitch" and threatened and verbally abused him [Doc. 7 p. 1, 15–16].  Plaintiff then filed a motion for an extension of time to file various motions [Doc. 11] before filing a motion to correct the record, to reconsider, and for leave to amend/supplement the complaint [Doc. 14].  Plaintiff also filed a motion for a temporary restraining order and/or preliminary injunction and a memorandum in support thereof [Docs. 15, 16] and a motion for appointment of counsel [Doc. 18].

Additionally, Defendant Siems filed a motion for extension of time to file an answer to the complaint [Doc. 17] before filing her answer to the complaint [Doc. 22].  Defendant Siems also filed responses in opposition to Plaintiff's motions to appoint counsel and for a temporary restraining order and/or preliminary injunction [Docs. 23, 24].

Plaintiff then filed a "Motion for Dismissal of Action" [Doc. 27]. Defendant Siems filed a response to this motion indicating that she does not oppose dismissal and requesting dismissal with prejudice [Doc. 31 p. 1–2]. Plaintiff filed a reply specifying that he seeks dismissal of this action without prejudice [Doc. 32].

For the reasons set forth below: (1) the parties' motions for extension [Docs. 11, 17] will be **GRANTED**; (2) Plaintiff's motion to correct the record, to reconsider, and for leave to amend/supplement the complaint [Doc. 14] will be **DENIED**; (3) Plaintiff's motion for dismissal of his claim against Defendant Unit Manager Siems [Doc. 27] will be **GRANTED** and this action will be **DISMISSED without prejudice**; and (4) Plaintiff's remaining motions to appoint counsel and for a temporary restraining order and/or preliminary injunction [Docs. 15, 18] will be **DENIED as moot**.

I. MOTIONS FOR EXTENSION

As set forth above, Plaintiff filed a motion for extension of time to file various motions [Doc. 11]. Specifically, Plaintiff seeks additional time to file a motion to amend the complaint, to correct the record, and to supplement the complaint [*Id.* at 1]. Defendant Siems also filed a motion for extension of time to file an answer to the complaint [Doc. 17].

These motions for extension [Docs. 11, 17] are **GRANTED** only to the extent that the Court considers the parties' filings for which they sought an extension [Docs. 14, 22] timely filed.

II. **MOTION TO CORRECT THE RECORD, FOR RECONSIDERATION, AND TO AMEND AND SUPPLEMENT THE COMPLAINT**

As set forth above, Plaintiff has also filed a motion to correct the record, for reconsideration, and for leave to amend/supplement the complaint [Doc. 14]. In this motion, Plaintiff first seeks to correct various dates and facts in the Court's memorandum and order screening his complaint, and to clarify that he does not challenge due process violations in this

2

action [*Id.* at 1–2]. Plaintiff then requests that the Court reconsider its dismissal of former Defendants Phillips, Barnette, Bouldin, and Patterson, as he claims that these former Defendants were personally involved in violating his right to Equal Protection [*Id.* at 2–7]. Plaintiff also alleges that "Defendant [Unit Manager] Siems['s] acts and omissions were due to [him] filing grievances" and sets forth various facts and allegations to support this assertion [*Id.* at 7–12]. Plaintiff next claims that former Defendant Koch has forced Plaintiff to pay for legal materials, failed to respond to many of Plaintiff's requests for legal materials, and refused to allow a legal aid to assist Plaintiff with legal matters [*Id.* at 13–17]. According to Plaintiff, Defendant Koch's actions (1) violate both TDOC policies and orders from Defendant Koch's supervisor; (2) deny Plaintiff access to courts; and (3) are the result of Plaintiff showing this Defendant his complaint against Defendant Koch's coworker [*Id.*].

It appears from the totality of this motion that Plaintiff seeks to amend the complaint to assert the facts contained therein, such that this action may proceed against all Defendants Plaintiff named in his original complaint.

**A.      Standard**

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to amend his complaint without leave of court or the opposing party's written consent within twenty-one (21) days after serving it, or within twenty-one (21) days after a responsive pleading has been served. Fed. R. Civ. P. 15(a)(1)-(2). Otherwise, a party must have the opposing party's written consent or leave of the court to amend his complaint, and courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Also, this Court's Local Rules both (1) require a plaintiff seeking to amend his complaint to file a complete proposed amended complaint that does not incorporate any prior pleading by

reference and (2) provide that failure to do so is grounds to deny the motion. E.D. Tenn. LR 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion").

**B.     Analysis**

Plaintiff signed his motion to correct the record, for reconsideration, and for leave to amend/supplement the complaint on April 28, 2022 [*Id.* at 21], but the motion is postmarked May 10, 2022 [*Id.* at 2022]. And while the record indicates that Plaintiff served Defendant Siems with a summons by certified mail, it does not establish when she received it [Docs. 12, 13]. Thus, it is unclear whether Plaintiff filed his motion seeking to amend/supplement his complaint during the time in which he could do so as a matter of course under Rule 15(a).

However, even if the Court assumes that Plaintiff filed his motion to amend/supplement his complaint during the time in which Rule 15(a) allowed him to amend his complaint without leave of Court or the opposing party's written consent, Plaintiff did not attach a full proposed amended complaint to this motion, as this Court's Local Rule requires. *Id.* As such, the Court will **DENY** Plaintiff's motion to correct the record, to reconsider, and for leave to amend/supplement the complaint [Doc. 14] on this ground.[1]

---

[1] The Court further notes that most of Plaintiff proposed amendments to his complaint are both (1) unrelated to his claim against Defendant Unit Manager Siems proceeding herein and (2) against a person other than Defendant Unit Manager Siems. Such claims are not properly joined with the single claim proceeding herein. Fed. R. Civ. P. Rule 20(a)(2) (allowing a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action"); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all

### III. MOTION TO DISMISS

In his motion to dismiss, Plaintiff seeks dismissal of all his claims against Defendant Siems [Doc. 27]. As the Court noted above, Defendant Siems filed a response to this motion indicating that she does not oppose dismissal but seeks dismissal with prejudice [Doc. 31], and Plaintiff then filed a reply clarifying that he seeks dismissal without prejudice [Doc. 32]. For good cause shown therein, Plaintiff's motion to dismiss [Doc. 27] will be **GRANTED** to the extent that this action will be **DISMISSED without prejudice**.

### IV. MOTIONS TO APPOINT COUNSEL AND FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

As the Court will grant Plaintiff's motion to dismiss the only remaining claim in this action and dismiss this action without prejudice, Plaintiff's motions to appoint counsel and for a temporary restraining order and/or preliminary injunction [Docs. 15, 18] will be **DENIED as moot**.

### V. CONCLUSION

For the reasons set forth above:

1. The parties' motions for extension [Docs. 11, 17] are **GRANTED**;

2. Plaintiff's motion to correct the record, to reconsider, and for leave to amend/supplement the complaint [Doc. 14] is **DENIED**;

3. Plaintiff's motion for dismissal [Doc. 27] is **GRANTED** and this action will be **DISMISSED without prejudice** in the accompanying judgment order;

---

in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted). Likewise, allowing Plaintiff to amend his complaint to assert a claim for retaliation against Defendant Unit Manager Siems, as he also requests in his motion to amend/supplement his complaint, would be futile, as he subsequently filed a motion to dismiss all his claims against her [Docs. 27, 32].

5

4. Plaintiff's remaining motions to appoint counsel and for a temporary restraining order and/or preliminary injunction [Docs. 15, 18] are **DENIED as moot**; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge